SUMMARY MEMORANDUM OPINION
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICIA THYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0606 (RLW) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, OFFICE OF INFORMATION | ) | |
| POLICY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**[1]

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, in order to obtain information about herself from the Executive Office for United States Attorneys ("EOUSA") and the Office of Information Policy ("OIP"), both components of the United States Department of Justice ("DOJ"), and the United States Department of Homeland Security ("DHS"). This matter is before the Court on Defendant's Motion to Dismiss or, in the

---

[1] **Error! Main Document Only.**This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf*. Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

Alternative, for Summary Judgment [Dkt. #16].[2]  For the reasons discussed below, defendant's motion will be granted.

## I.  BACKGROUND

### A.  *Plea Agreement and FOIA Waiver*

"During the week of June 21, 2004, the Wright County[, Missouri] Sheriff contacted the South Central Drug Task Force needing assistance with a murder-for-hire case."  Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. ("Def.'s Mem."), Decl. of David Luczynski ("Luczynski Decl."), Ex. D (Plea Agreement) ¶ 3.  Plaintiff was making arrangements to murder her ex-husband, David Thyer.  Her criminal history has been summarized as follows:

> [Plaintiff] was indicted on or about August 11, 2004.  Her indictment included five counts and alleged that she committed murder for hire, solicitation of a violent crime, and two firearms crimes.  The indictment also requested forfeiture of the proceeds of her crimes.
>
> The indictment was supported by an investigation conducted by Dennis Deason, a Special Agent assigned to the South Central Drug Task Force.  [Plaintiff] had agreed to pay Deason $2,000 plus some guns to kill her ex-husband, David Thyer.  [Plaintiff] made specific arrangements with Deason regarding how the murder was to occur, and she refused to back out of their arrangement despite Deason's repeated offers to allow her to change her mind.
>
> On June 14, 2005, [plaintiff] and her attorneys signed a plea agreement admitting that the above facts are true.  [Plaintiff] pleaded guilty to the murder for hire count, one of the firearm counts, and the forfeiture count of the indictment that same day,

---

[2]    Also before the Court is plaintiff's Motion to Strike or, in the Alternative, to Deny Defendant's Reply to Plaintiff's "Objections to Defendant's Motion to Dismiss" or, in the Alternative, for Summary Judgment [Dkt. #21].  The motion is meritless and therefore it will be denied.

>       and the Court sentenced her to a total of 147 months confinement
>       on November 9, 2005.

*Thyer v. United States*, No. 06-cv-3343, 2007 WL 2323388, at *1 (W.D. Mo. Aug. 10, 2007).

The plea agreement includes a waiver of plaintiff's right to request under the FOIA any federal government records pertaining to the criminal case:

> [Plaintiff] waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation and prosecution of this case including, <u>without limitation, any records that may be sought under the Freedom of Information Act</u>, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

Luczynski Decl., Ex. D ¶ 17 (emphasis added).  The following language appears above plaintiff's signature:

> I have consulted with my attorneys and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines.  I have read this plea agreement and carefully reviewed every part of it with my attorneys.  I understand this plea agreement and I voluntarily agree to it.

*Id.*, Ex. D at 16.  On the signature line appears the phrase "*All Rights Reserved.*"  *Id.* (emphasis in original).

Plaintiff opines that "[t]he Wright County Sheriff could not have contacted federal authorities without preparing a criminal complaint," and that "the criminal complaint from Wright County . . . was used as the basis of the federal criminal case."  Reply [Dkt. #12] at 2. She further asserts that this criminal complaint was "a fraudulent ploy in which [her] ex-husband . . . colluded with law enforcement to evade a previously existing divorce degree judgment . . . which . . . ordered him to pay [her] $594,000," yet "the government refuses to produce a copy of

3

it." Compl. ¶ 2; *see* Motion to Strike or, in the Alternative, to Deny Defendant's Reply to Plaintiff's "Objections to Defendant's Motion to Dismiss" or, in the Alternative, for Summary Judgment [Dkt. #21] at 3 ("[Plaintiff] asserts the criminal complaint she is seeking would prove it was her ex-husband . . . who brought the Complaint in order to deter her from pursuing execution of her $594,000 divorce judgment."). Notwithstanding the waiver set forth in the plea agreement, plaintiff submitted FOIA requests to the EOUSA, DHS and OIP seeking "access to records pertaining to [her] from Case No.: 6:04-cr-03105-RED-1, in the United States District Court [for the] Western District of Missouri, Springfield Division." Compl. ¶ 1.

### EOUSA Request No. 07-3215

From the EOUSA, plaintiff sought information about herself, Def.'s Mem., Luczynski Decl., Ex. A (Freedom of Information Request dated September 11, 2007), and indicated that the records likely would be maintained in the Western District of Missouri, *id.*, Luczynski Decl., Ex. C (Letter from plaintiff to Freedom of Information & Privacy Staff, DOJ, dated October 11, 2007). No search for responsive records was conducted, however, because of the "Plea Agreement [plaintiff] had executed on June 14, 2005 [in which] she had waived all her rights with regards to requesting or receiving any records pertaining to the investigation or prosecution of her case, including FOIA requests." Luczynski Decl. ¶ 7. Plaintiff was so notified in writing. *Id.*, Ex. E (Letter to plaintiff from William G. Stewart II, Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated November 30, 2007). Plaintiff has not filed an administrative appeal of this determination. *Id*. ¶ 8.

### DHS/OS/PRIV/08-165

Plaintiff also submitted a FOIA request to DHS which in relevant part stated:

4

> I request a complete and thorough search of all filing systems and locations for all my records maintained by your agency, including, all documents and where appropriate "<u>main</u>" files and "<u>See References</u>". I wish to make it clear that I am requesting "<u>ALL</u>" records in your office "<u>identifiable with my request</u>".

Def.'s Mem., Decl. of James Holzer ("Holzer Decl."), Ex. A (Freedom of Information Request dated September 11, 2007) (emphasis in original). Because the request "was too limited in terms of information being sought," it was determined that DHS staff could not conduct an adequate search. Holzer Decl. ¶ 7. Plaintiff was invited to provide a description of the records she sought, including "the DHS component [she] believe[d] created and/or controls the records, the precipitating event that [she] believe[d] warranted the creation of records and the time period that [she] believe[d] the records or files were created or compiled." *Id.,* Ex. B (Letter to plaintiff from Vania T. Lockett, Associate Director, Disclosure & FOIA Operations, DHS, dated December 20, 2007) at 1 (emphasis removed). Plaintiff "has not submitted additional information or clarifying information to make the FOIA request sufficient for a reasonable search," *id..* ¶ 9, the agency has not received an administrative appeal of its determination, *id.*, ¶ 10; *see* Def.'s Mem., Decl. of Priscilla A. Jones ("Jones Decl.") ¶ 2.

OIP/09-R0706

Plaintiff's FOIA request to the OIP was far more detailed. In addition to a general request for information about herself, *see* Def.'s Mem., Decl. of Vanessa R. Brinkman ("Brinkman Decl."), Ex. A (Freedom of Information Request dated May 12, 2009) at 1, plaintiff sought copies of the following documents:

> 1.  Criminal Complaint filed against me dated in June, 2004, filed at Wright County Sheriff's Office, Wright County, 125 Courthouse Square, Hartville, Missouri 65667; [and]

>    2.   Any applications, authorizations, affidavits, or other documents in support of a National Security Letter or other similar type of threat to deter licensed attorney Mark E. Rector . . . from obtaining a copy of the original police report or criminal complaint allegedly filed against me at the Wright County, Missouri, Sheriff's Office, as Mr. Rector had accepted a retainer from me to do.

Brinkman Decl., Ex. A at 2. Not limiting her quest to the records described above, plaintiff also requested "all documents, reports, pictures, exhibits, memorandums, letters, summaries, handwritten notes, recordings, and all other information concerning this subject" maintained by the OIP. *Id.*, Ex. A at 3.

OIP's response to plaintiff's request explained that it did not maintain the types of records she sought. *Id*. ¶ 4. Plaintiff was referred to the Missouri Attorney General's Office as an alternate source. *Id.*, Ex. B (Letter to plaintiff from Carmel L. Mallon, Chief of Staff, OIP, DOJ, dated June 9, 2009) at 2. OIP found no record indicating that plaintiff filed an administrative appeal of this determination. *Id*. ¶ 6; Jones Decl. ¶ 2.

Plaintiff argues that "[t]he FOIA waiver clause in the Plea Agreement should be set aside due to substantial violations of [her] constitutional rights and the evidence of governmental wrongdoing in her case." Compl. ¶ 89. In addition, she demands the release of "[a] copy of the criminal complaint made in Wright County, which was used as the basis of the federal criminal case," *id.* ¶ 90, and "a Vaughn Index when defendant denied her FOIA request," *id.* ¶ 91 (emphasis removed).

## II. DISCUSSION

### A. *Plaintiff's Plea Agreement Precludes This FOIA Action*

Defendant argues that plaintiff "is not entitled to the relief that she seeks because [she] waived her rights to request through the FOIA . . . any records pertaining to her criminal investigation and prosecution." Def.'s Mem. at 7-8. By her signature, defendant asserts, plaintiff acknowledged that she understood the plea agreement's terms and that she entered into the agreement freely and voluntarily after having received advice from her defense counsel. *Id.* at 10. Under these circumstances, defendant argues that plaintiff's waiver is unambiguous, *id.*, and she is barred from seeking records under the FOIA, *id.* at 11.

Plaintiff reiterates her request "for one document, a criminal complaint, a document which ordinarily would be a matter of public record if governmental wrongdoing were not present, and a document which serves as the basis of the criminal charges against her." Reply at 1. She now contests the validity of the plea agreement, Compl. ¶ 89, suggesting that she agreed to its terms because defense counsel coerced her into accepting the plea, *see id.* ¶¶ 7-8, shortly after she suffered a stroke which rendered her unable to seek new counsel, *id.* ¶ 50. She further argues that the "qualifying clause" on the signature page, "*All Rights Reserved*," somehow voids the agreement. *See* Objections to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #18] ("Pl.'s Opp'n") at 2; *see generally* Reply at 7-8. Plaintiff "wishes to invoke her right to void the FOIA waiver clause, as protected by her signing the Plea Agreement, "All Rights Reserved", in light of . . . evidence proving violations of her Constitutional rights." Reply at 8.

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008) (citations omitted), *cert. denied*, 129 S. Ct.

SUMMARY MEMORANDUM OPINION
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

2789 (2009); *see United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) ("A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution.") ; *see also United States v. Morris*, 633 F.3d 885, 888 (9th Cir. 2011) (per curiam) (finding that plea bargain based on defendant's cooperation and testimony in another trial is permissible); *United States v. Andis*, 333 F.3d 886, 889 (8th Cir.) (collecting cases regarding waiver of right to appeal pursuant to a plea agreement), *cert. denied*, 540 U.S. 997 (2003). Generally, a plea agreement is valid if it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted). In accepting a guilty plea, a criminal defendant waives "three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). "[A] plea agreement is a contract," and "courts will look to principles of contract law to determine whether a plea agreement has been breached." *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir.), *cert. denied*, 516 U.S. 970 (1995); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) (applying contract analysis to plea agreement).

 Plaintiff's protestations notwithstanding, there is no basis upon which this Court can conclude that the plea agreement and its FOIA waiver are invalid. Plaintiff purports to have fully understood the terms of the plea agreement and the rights she waived; she further represented that she entered into the agreement voluntarily. She offers no legal justification for her argument that including the phrase "All Rights Reserved" with her signature undermines the validity of the plea agreement. Plaintiff clearly requests records that fall within the scope of the plea agreement's FOIA waiver. "Given that the Supreme Court has allowed a defendant to waive constitutional rights, [this court] would be hard-pressed to find a reason to prohibit a

8

defendant from waiving a purely statutory right." *Andis*, 333 F.3d at 889; *see United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir.1990) ("[I]f it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as statutory right to appeal a sentence, is also waivable."), *cert. denied*, 503 U.S. 942 (1992).

"The use of a FOIA waiver in a valid and binding plea agreement is an enforceable provision that this Court must respect." *Patterson v. Fed. Bureau of Investigation*, No. 3:08cv186, 2008 WL 2597656, at *2 (E.D. Va. June 27, 2008). Accordingly, the Court grants defendant's motion on the ground that plaintiff's FOIA claim is barred under the terms of her plea agreement. *See United States v. Lucas*, No. 04-6654, 2005 WL 1971567, at *1 (4th Cir. Aug. 17, 2005) (per curiam) (affirming district court order denying FOIA request on the ground that, "in Lucas' valid and binding plea agreement, he waived his right to bring the FOIA claim"), *cert. denied*, 546 U.S. 1196 (2006); *Patterson*, 2008 WL 2597656, at *2 (dismissing as frivolous a FOIA action because plaintiff's FOIA request for documents related to his criminal case was barred by plea agreement's waiver provision); *Caston v. Exec. Office for U.S. Attorneys*, 572 F. Supp. 2d 125, 129 (D.D.C. 2008); (granting defendant's motion "on the ground that plaintiff' FOIA claim is barred under the terms of his plea agreement"); *see also Boyce v. United States*, No. 08cv535, 2010 WL 2691609, at *1 (W.D.N.C. July 6, 2010) (denying petitioner's motion filed in civil action under 28 U.S.C. § 2255 seeking evidence used in the criminal case against him on the basis of FOIA waiver in plea agreement).

*B. Plaintiff Failed to Exhaust Administrative Remedies*

9

Even if the FOIA waiver of the plea agreement did not bar this action, there is an alternate basis for its dismissal.

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA. *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Exhaustion under the FOIA is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. If a requester has not exhausted her administrative remedies prior to the filing of a civil action, her claim is subject to dismissal. *See Hidalgo*, 344 F.3d at 1258.

Exhaustion requires a requester to comply with agency regulations for the submission of a FOIA request. *See Church of Scientology v. Internal Revenue Serv.*, 792 F.2d 146, 150 (D.C. Cir. 1986); *see also* 28 C.F.R. §§16.1(b), 16.3(a) (requirements for making a FOIA request to a component of the DOJ). The responses of the EOUSA, DHS and OIP to plaintiff's requests included instructions for the filing of an administrative appeal. *See* Luczynski Decl., Ex. E; Holzer Decl., Ex. B; Brinkman Decl., Ex. B at 2. None of the agencies received an appeal. *See* Jones Decl. ¶¶ 2-3; Holzer Decl. ¶ 10. Only in one instance did plaintiff demonstrate any attempt to pursue an appeal. Pl.'s Opp'n at 2; *see id.*, Ex. C (Freedom of Information Appeal Letter dated July 28, 2009). Missing from the record of this case, however, is any showing that the OIP received plaintiff's appeal letter. "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-

2349, 2005 WL 1334941, at *1-2 (D.D.C. June 6, 2005). With respect to these three requests, then, plaintiff has not exhausted her administrative remedies and the claims therefore must be dismissed. *See DeBrew v. Atwood*, 847 F. Supp. 2d 95, 104 (D.D.C. 2012); *Willis v. U.S. Dep't of Justice*, 581 F. Supp. 2d 57, 68 (D.D.C. 2008); *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008).

### III.  CONCLUSION

Defendant demonstrates that, through her plea agreement, plaintiff waived her right to request or receive from the federal government any records pertaining to the investigation or prosecution of the criminal case against her. Even if the waiver did not bar her FOIA claims, defendant demonstrates that plaintiff failed to exhaust her administrative remedies before filing this action. Accordingly, defendant's motion will be granted. An Order accompanies this Memorandum Opinion.

DATE: January 11, 2013                           ROBERT L. WILKINS
                                                 United States District Judge